**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Bessler,<br><br>                    Plaintiff,<br><br>v.<br><br>City of Tempe, et al.,<br><br>                    Defendant. | No. CV-19-04610-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant City of Tempe's ("Tempe") Motion for Reconsideration (Doc. 117). Plaintiff Donald Bessler filed a response. (Doc. 121.) The Court held oral argument and took Tempe's Motion under advisement. (Doc. 123.) The Court now resolves this Motion as follows.

## I.    BACKGROUND

The Court previously set forth this case's background in detail. (Doc. 107.) Tempe filed a motion for summary judgment on Bessler's claim of retaliation under the Age Discrimination in Employment Act ("ADEA") and on its affirmative defense of failure to mitigate damages. (Doc. 100.) The Court found genuine issues of material fact exist as to both the ADEA retaliation claim and the failure-to-mitigate damages defense. (Doc. 107.) Accordingly, the Court denied Tempe's motion for summary judgment on July 22, 2021. (*Id.*) Tempe then filed the instant Motion for Reconsideration on August 5, 2021. (Doc. 117.) Tempe argues the Court committed clear legal error when it ruled that Bessler carried his summary judgment burden of establishing "but-for" causation as part of his prima facie

1    case of retaliation under the ADEA. (*Id.* at 1.) Tempe also asserted the Court committed

2    clear legal error in denying summary judgment on its failure-to-mitigate damages defense.

3    (*Id.*) On August 6, 2021, the Court denied Tempe's Motion as to its failure-to-mitigate

4    damages defense finding that it simply re-litigated arguments made in its motion for

5    summary judgment. (Doc. 120.) Thus, Tempe's Motion remains only as to the issue of

6    "but-for" causation. (*Id.*)

7    **II.    LEGAL STANDARD**

8         A district court has discretion to reconsider and amend prior orders. Fed. R. Civ. P.

9    54(b).* Motions for reconsideration are generally disfavored and should be denied "absent

10   a showing of manifest error or a showing of new facts or legal authority that could not have

11   been brought to [the court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). A

12   motion for reconsideration may not repeat previously made arguments. LRCiv. 7.2(g). As

13   such, a motion for reconsideration should not be used to ask the court to rethink what it has

14   already thought through in its previous ruling. *Defs. of Wildlife v. Browner*, 909 F. Supp.

15   1342, 1351 (D. Ariz. 1995). Mere disagreement with the previous order is likewise an

16   insufficient basis for reconsideration. *Adams v. Symetra Life Ins. Co.*, No. CV-18-0378-

17   TUC-JGZ (LAB), 2020 WL 4814249, at *2 (D. Ariz. Aug. 19, 2020).

18   **III.   DISCUSSION**

19        **A.    Earlier Separation Decision**

20        In its Order, the Court found that Bessler offered sufficient evidence to meet his

21   summary judgment burden of showing a causal link between his protected activity and his

---

22   * Although Tempe references Rule 59(e) of the Federal Rules of Civil Procedure, the Court
23   presumes it meant to bring its motion for reconsideration under Rule 54(b), which allows
     district courts to revise any order that does not adjudicate all the claims in a case at any
24   time before the entry of a final judgment adjudicating all the claims. Fed. R. Civ. P. 54(b);
     *see also Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz.
25   2003). Tempe cites *Ervco, Inc. v. Texaco Ref. & Mktg., Inc.*, 422 F. Supp. 2d 1084 (D.
     Ariz. 2006), for the proposition that Rule 59(e) is a proper vehicle for seeking
26   reconsideration of a summary judgment ruling. (Doc. 117 at 5.) But in *Ervco*, it was the
     Plaintiff seeking reconsideration of an order *granting* summary judgment in favor of the
27   defendant. *Id.* at 1086. Because the Court's Order denying Tempe's motion for summary
     judgment did not adjudicate all the claims in the case the proper vehicle for a motion for
28   reconsideration is Rule 54(b). *Cf. Motorola*, 215 F.R.D. at 583 (holding party could not
     rely on Rule 59(e) in seeking reconsideration of discovery order because it did not
     adjudicate all claims in the case).

separation. (Doc. 107 at 16.) To establish a causal link, an employee must show the protected activity was the "but-for" cause of the adverse employment action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). On September 24, 2018, Bessler informed Tempe that he filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Docs. 100 at 6; 101 at 8.) Two days later, Tempe informed Bessler, for the first time, that his employment would end in 2018. (Docs. 100 at 8; 101 at 8.) Bessler was never issued a performance review or written warning before this date. (Doc. 101–4 at 6–7.) Moreover, less than two months before Tempe informed Bessler his employment would end, Tempe's City Manager, Andrew Ching, told Bessler that he had several more years of utility left to serve Tempe. (*Id.* at 19–20.) Based on this circumstantial evidence, the Court concluded that Bessler met his summary judgment burden of showing a causal link between his protected activity and his separation.

Nevertheless, Tempe argues the Court overlooked evidence that it made the decision to terminate Bessler before it learned of his protected activity. Tempe also argues that the Court applied a non-existent legal standard when it found there was a dispute as to when Tempe finalized its separation decision. (Doc. 117 at 5–8.) Tempe specifically takes issue with the Court's reliance on *Conroy v. Hewlett-Packard Co.*, No. 3:14-CV-01580-AC, 2016 WL 1276552 (D. Or. Mar. 31, 2016). (Doc. 117 at 7.) In that case the court held the employee established a causal link for purposes of her prima facie case of retaliation. *Id.* at *15–16. The court rejected the employer's argument that a causal link did not exist because it made the adverse employment decision before it learned of the protected activity. *Id.* at *16. As the court explained, the employer was aware of the employee's protected activity at the time it finalized its decision to eliminate the employee's position. *Id.* Thus, the causal link between the protected activity and the adverse employment action was left firmly intact. *Id.*

Here, there is a genuine issue of material fact regarding whether Tempe was aware of Bessler's charge of discrimination at the time it finalized the decision to separate him. Specifically, in his declaration, Ching stated he made the decision to separate Bessler on

September 6, 2018. (Doc. 100–5 at 25.) Yet Ching also inconsistently claims that he and Tempe's deputy city managers met and agreed to separate Bessler on September 10, 2018. (*Id.* at 20, 26, 29.) Moreover, at his deposition, Ching testified that at this meeting, he instructed one of the deputy city mangers to reconnect with Bessler to "explore exactly what he meant . . . by him [Bessler] being done," which suggests that Tempe had not finalized a decision to separate Bessler by this date. (Doc. 100–2 at 59.) Tempe did not inform Bessler his employment would be ending until September 26, 2018. (*Id.* at 8; Doc. 101 at 8.) Tempe was also attempting to negotiate Bessler's terms of separation as late as October 11, 2018. (Doc. 100 at 8.) Like *Conroy*, a reasonable jury could find that Tempe made the decision to terminate Bessler after learning of his protected activity. Accordingly, the Court concludes that it was not clear legal error to rely on *Conroy*'s reasoning to reach a similar conclusion.

Tempe also argues that Bessler's counsel conceded, at oral argument, that Tempe made a decision to separate him on September 10, 2018. (Doc. 117 at 2–3.) The Court does not interpret such errant oral argument statements as a concession that Tempe made a finalized separation decision before it learned of Bessler's protected activity. Accordingly, the Court finds that it did not commit clear legal error when it ruled that Bessler carried his summary judgment burden of establishing "but-for" causation as part of his prima facie case of retaliation under the ADEA.

## B.     "Less Favorable Separation Terms"

Tempe argues the Court committed clear legal error by concluding that a reasonable jury could find that Bessler's protected activity caused Tempe to offer him less favorable separation terms. (Doc. 117 at 8–9.) It specifically contends that Bessler never asserted a theory of retaliation based on a receipt of less favorable separation terms. (*Id.* at 9.) A district court's role on summary judgment is merely to determine if there is a genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Indeed, reconsideration may be appropriate where a court makes a decision outside the adversarial issues presented to it.

- 4 -

*See Motorola*, 215 F.R.D. at 583. In his response, Bessler agrees that he never asserted that the adverse employment action was the receipt of less favorable separation terms. (Doc. 121 at 10.) The only adverse employment action Bessler has ever argued occurred is the termination of his employment. (*Id.*) Bessler, thus, agrees that the Court's Order should be modified. (*Id.* at 11.) Because Bessler never claimed that the receipt of less favorable separation terms was an adverse employment action and the parties agree that the Order should be amended, the Court will remove this language from its Order.

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Tempe's Motion for Reconsideration (Doc. 117) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Court's July 22, 2021 Order (Doc. 107) is amended to the extent set forth herein. Specifically, the Order is amended to remove the following language in Section III.A.1.c.i.:

> A reasonable jury could also find that Bessler's protected activity caused Tempe to offer him less favorable separation terms.

**IT IS FINALLY ORDERED** Tempe's Motion for Reconsideration (Doc. 117) is denied in all other respects.

Dated this 9th day of September, 2021.

Michael T. Liburdi
United States District Judge

- 5 -